1  VANESSA L. HOLTON (111613)
   General Counsel
2  ROBERT G. RETANA (148677)
   Deputy General Counsel
3  JAMES J. CHANG (287008)
   Assistant Counsel
4
   OFFICE OF GENERAL COUNSEL
5  THE STATE BAR OF CALIFORNIA
   180 Howard Street
6  San Francisco, CA 94105-1639
7  Tel: (415) 538-2381
   Fax: (415) 538-2321
8  Email:  james.chang@calbar.ca.gov
9
10 Attorneys for Defendants The State Bar of California, Steve Mazer,
   William Todd, Jason Kwan, Tiffany F. Sorensen, Susan Kim, Drew Aresca
11

                   UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14

15

16  SHELLY HART,                        Case No.   2:21-cv-08786-CJC-KK

17                                       **DEFENDANTS THE STATE BAR
                                         OF CALIFORNIA, STEVE MAZER,
18                                       WILLIAM TODD, JASON KWAN,
              Plaintiff,                 TIFFANY F. SORENSEN, SUSAN
19                                       KIM, AND DREW ARESCA'S
    v.                                   NOTICE OF MOTION AND
20                                       MOTION TO DISMISS
                                         COMPLAINT; MEMORANDUM OF
    THE STATE BAR OF CALIFORNIA,         POINTS AND AUTHORITIES IN
21  STEVE MAZER, WILLIAM TODD,           SUPPORT THEREOF**
    JASON KWAN, TIFFANY F.
22  SORENSEN, SUSAN KIM, DREW
    ARESCA, DOES 1 through 50,           DATE:   February 24, 2022
23  inclusive,                           TIME:   10:00 a.m.
                                         DEPT:   3 or 4
24                                       JUDGE:  HON. KENLY KIYA KATO
              Defendants.
25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.    **INTRODUCTION**.................................................................................1

II.   **BACKGROUND**................................................................................1

    A.    The State Bar Defendants.................................................1

          1.   The State Bar of California ...................................1

          2.   State Bar Employees.............................................1

    B.    Plaintiff's Complaint......................................................2

III.  **LEGAL STANDARD**.......................................................................2

    A.    FRCP 12(b)(1)....................................................................2

    B.    FRCP 12(b)(6)....................................................................3

    C.    Leave to Amend ...............................................................4

IV.  **ARGUMENT** ....................................................................................4

    A.    The State Bar Defendants Enjoy Eleventh Amendment Immunity From Suit ................................................................4

    B.    Plaintiff Fails to State a Claim Under 42 U.S.C. §§ 1983 ...............6

V.   **CONCLUSION**.................................................................................9

1

2

## **Table of Authorities**

**Cases**

*Albert v. State Bar of Cal.*
    No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124
    (C.D. Cal. Mar. 27, 2015) ......................................................................... 5

*Allegrino v. State Bar of Cal.*
    Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155
    (N.D. Cal. May 10, 2007) .......................................................................... 5

*Arnold v. Int'l Bus. Machs. Corp.*
    637 F.2d 1350 (9th Cir. 1981) ................................................................. 6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................. 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................. 3

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ..................................................................... 3

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*
    489 U.S. 189 (1989) ................................................................................. 7

*Edelman v. Jordan*
    415 U.S. 651 (1974) ................................................................................. 4

*Estate of Amos v. City of Page*
    257 F.3d 1086 (9th Cir. 2001) ................................................................. 7

*Foman v. Davis*
    371 U.S. 178 (1962) ................................................................................. 4

*Gates v. Superior Court*
    32 Cal. App. 4th 481, 38 Cal. Rptr. 2d 489 (1995) ................................. 7

*Hafer v. Melo*
    502 U.S. 21 (1991) ................................................................................... 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*
    896 F.2d 1542 (9th Cir. 1990) ................................................................. 3

*Hirsh v. Justices of Supreme Court*
    67 F.3d 708 (9th Cir. 1995) ..................................................................... 5

*In re Attorney Discipline System*
    19 Cal.4th 582 (Cal. 1998) ...................................................................... 1

*In re Rose*
    22 Cal.4th 430 (Cal. 2000) ...................................................................... 1

*In re Walker*
    32 Cal.2d 488 (Cal. 1948) ....................................................................... 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jackson v. Bank of Haw.*
    902 F.2d 1385 (9th Cir. 1990) ................................................................. 4

*Karim-Panahi v. L.A. Police Dep't*
    839 F.2d 621, 624 (9th Cir. 1988) .......................................................... 6

*Kay v. State Bar of Cal.*
    No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ..... 5

*Kentucky v. Graham*
    473 U.S. 159, 167 n.14 (1985) .............................................................. 5

*Khanna v. State Bar of Cal.*
    505 F. Supp. 2d 633, 644 (N.D. Cal. 2007) ............................................. 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375, 376–78 (1994) ................................................................ 3

*Konig v. State Bar of Cal.*
    No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498 (N.D. Cal. Sep. 16, 2004) ............... 5

*Lupert v. Cal. State Bar*
    761 F.2d 1325 (9th Cir. 1985) .............................................................. 5

*Muckway v. Craft*
    789 F.2d 517 (7th Cir. 1986) ............................................................... 8

*Nunes v. Ashcroft*
    375 F.3d 805 (9th Cir. 2004) ............................................................... 4

*Pena v. Gardner*
    976 F.2d 469 (9th Cir. 1992) ............................................................... 4

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) .............................................................................. 4

*Putman v. State Bar of Cal.*
    No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283
    (C.D. Cal. June 25, 2010) ................................................................... 6

*Savage v. Glendale Union High Sch.*
    343 F.3d 1036 (9th Cir. 2003) .............................................................. 2

*Scott v. Breeland*
    792 F.2d 925 (9th Cir. 1986 ................................................................. 3

*Tanasescu v. State Bar of Cal.*
    No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679
    (C.D. Cal. Mar. 26, 2012) ................................................................... 5

*U.S. v. Ritchie*
    342 F.3d 903 (9th Cir. 2003) ............................................................... 4

*Usher v. City of Los Angeles*
    828 F.2d 556 (9th Cir. 1987) ............................................................... 3

*Will v. Michigan Dept. of State Police*
    491 U.S. 58 (1989)...................................................................................... 5, 6

*Wu v. State Bar*
    953 F. Supp. 315 (C.D. Cal. 1997) ............................................................ 5

### Statutes

California Business & Professions Code
    §§ 6000-6243 ............................................................................................... 1

California Government Code
    § 821............................................................................................................ 7

### Rules

Federal Rule of Civil Procedure
    Rule 12(b)(1)............................................................................................. 1, 2
    Rule 12(b)(6)............................................................................................. 1, 3

California Rules of Court
    Rule 9.13(d) ................................................................................................ 7

### Constitutional Provisions

California Constitution
    art. VI, § 9 .................................................................................................. 1

## NOTICE OF MOTION AND MOTION TO DISMISS

TO:  PLAINTIFF, IN PRO PER, AND ALL PARTIES:

**PLEASE TAKE NOTICE** THAT ON February 24, 2022, at 10:00 a.m., in the Courtroom of the Honorable Kenly Kiya Kato, Courtroom 3 or 4, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, California 92501-3801, counsel for defendants The State Bar of California, Steve Mazer, William Todd, Jason Kwan, Tiffany F. Sorensen, Susan Kim, and Drew Aresca (the "State Bar") will and hereby do move the Court for an Order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiff's complaint as to all claims against them.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, and oral argument as may be presented to the Court.

## Compliance with Local Rule 7-3:

This motion is made following a conference of the parties pursuant to L.R. 7-3 which took place on January 11, 2022.

Dated: January 14, 2022                Respectfully submitted,

VANESSA L. HOLTON
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By:/s/ JAMES J. CHANG
    JAMES J. CHANG
    Assistant General Counsel

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Defendants
The State Bar of California, Steve Mazer,
William Todd, Jason Kwan, Tiffany F.
Sorensen, Susan Kim, Drew Aresca

State Bar Defs' Notice of Motion and Motion to Dismiss Complaint; MPA in Support          2:21-cv-08786-CJC-KK

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Shelly Hart brings this suit alleging that the State Bar of California, and its employees (collectively, "State Bar Defendants"), violated Plaintiff's civil rights under the Equal Protection Clause of the Fourteenth Amendment because Plaintiff was dissatisfied with the State Bar's disposition of Plaintiff's complaints regarding various attorneys and her interactions with State Bar employees.

The State Bar Defendants hereby move to dismiss all claims against them without leave to amend because the State Bar Defendants are immune to suit under the Eleventh Amendment and Plaintiff fails to state sufficient facts to establish a valid cause of action under section 1983.

## II. BACKGROUND

### A.      The State Bar Defendants

#### 1.  The State Bar of California

Defendant The State Bar of California ("State Bar") is the California state government agency responsible for the admission, discipline, and regulation of attorneys.  The State Bar is a public corporation established by the California State Constitution and operates as an administrative arm of the California Supreme Court.  Ca. Const., art. VI, § 9; Cal. Bus. & Prof. Code § et seq.; 6000-6243; s*ee also In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function."); *In re Attorney Discipline System*, 19 Cal.4th 582, 599-600 (Cal. 1998) (same).

#### 2.  State Bar Employees

Defendant Steve Mazer is the Chief Administrative Officer of the State Bar. Complaint (Doc. 1) at p.2, ¶ 6.

Defendants William Todd, Jason Kwan, Tiffany Sorenson, and Drew Aresca are attorneys in the State Bar Office of Chief Trial Counsel.  Complaint at  pp. 3-4, ¶¶ 7-9 and 11.

Defendant Susan Kim is an investigator in the State Bar Office of Chief Trial Counsel.  Complaint at p. 4, ¶ 10.

Plaintiff purports to sue the State Bar employees "in their individual and official capacity."  Complaint at p. 4, ¶ 12.

**B.  Plaintiff's Complaint**

Plaintiff's Complaint alleges generally that Plaintiff was harmed by some attorneys, that she complained to the State Bar regarding those attorneys, and that she was dissatisfied with the State Bar's handling of those complaints.  Complaint at pp. 4-6.  Plaintiff alleges that an employee of the State Bar told her that she was "vexatious" and on that basis she believes that the State Bar is not acting on her complaints to her satisfaction.  Complaint at pp. 9-11.  Plaintiff alleges that she has spoken with other women who also believe that they have been "labeled vexatious" by the State Bar.  Complaint at pp. 10-11.  The Complaint proceeds to describe the details of Plaintiff's alleged interactions with several attorneys and her subsequent reports to the State Bar regarding those attorneys.  Complaint at pp. 12-43.

Plaintiff seeks declaratory judgment that the State Bar Defendants have violated the United States and California constitutions and California state law, and damages.  Complaint at 48.

**III.  LEGAL STANDARD**

**A.  FRCP 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court.  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction

exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

**B.    FRCP 12(b)(6)**

To survive a motion to dismiss for failure to state a claim under FRCP 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must thus allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

While a court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff (*see Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)), the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A district court generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  Courts may, however, "consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the

motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Although a *pro se* complaint is to be construed liberally, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citations and quotations omitted).

### C.    Leave to Amend

Although leave to amend should be freely given when justice requires, leave "is not to be granted automatically.  A trial court may deny leave if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Haw.,* 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (district court did not abuse discretion in refusing to grant leave to amend complaint where amendment would be futile).

## IV.   ARGUMENT

### A.    The State Bar Defendants Enjoy Eleventh Amendment Immunity From Suit

The Eleventh Amendment completely immunizes the State Bar and State Bar officials from suits brought against them in federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  The Eleventh Amendment recognizes the state's sovereign immunity and has long been construed by the courts to extend to suits brought against a state by its own citizens.  *Edelman v. Jordan*, 415 U.S. 651 (1974) ("While the Amendment by its

terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."), *overruled on other grounds, Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  This jurisdictional bar applies regardless of the nature of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("[a State] cannot be sued directly in its own name regardless of the relief sought").

The Ninth Circuit has long recognized that that the State Bar is a "state agency" and "arm of the state" entitled to Eleventh Amendment immunity.  *See, e.g., Hirsh v. Justices of Supreme Court*, 67 F.3d 708, 712, 715 (9th Cir. 1995) (holding State Bar of California is a "state agency" entitled to Eleventh Amendment immunity); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (affirming dismissal on Eleventh Amendment grounds of suit against State Bar of California), *cert. denied*, 474 U.S. 916 (1985).  District courts within California uniformly apply the Ninth Circuit's ruling that the State Bar of California enjoys Eleventh Amendment immunity from suit.[1]

---

[1] *See, e.g.,  Konig v. State Bar of Cal.*, No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498, at *7 (N.D. Cal. Sep. 16, 2004) ("The Ninth Circuit and this Court have held that the Eleventh Amendment applies to the State Bar."); *Kay v. State Bar of Cal.*, No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ("It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment purposes."); *Albert v. State Bar of Cal.*, No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124, at *19 (C.D. Cal. Mar. 27, 2015) ("it is abundantly clear that the Eleventh Amendment applies to suits against the State Bar."); *Wu v. State Bar*, 953 F. Supp. 315, 318 (C.D. Cal. 1997) ("The Eleventh Amendment provides the State Bar of California with immunity from suits in federal court for monetary relief."); *Allegrino v. State Bar of Cal.*, Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) (State Bar of California is an "arm of the state" entitled to Eleventh Amendment immunity); *Tanasescu v. State Bar of Cal.*, No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679 (C.D. Cal. Mar. 26, 2012) (same); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644

The individual State Bar employee Defendants similarly enjoy Eleventh Amendment immunity as against Plaintiff's claims against them in their official capacity.[2]  *Hafer v. Melo*, 502 U.S. 21 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

### B.      Plaintiff Fails to State a Claim Under 42 U.S.C. §§ 1983

Even if Plaintiff could overcome the Eleventh Amendment jurisdictional bar, the Complaint nonetheless fails to state a claim for violation of civil rights because the State Bar Defendants are not subject to suit under 42 U.S.C. §§ 1983, 1985.  *Will v. Michigan Dep't of State Police,* 491 at 71 ("neither a State nor its officials acting in their official capacities are 'persons' [subject to suit] under § 1983").

Moreover, Plaintiff has not pled plausible facts to demonstrate how the State Bar Defendants allegedly deprived her of any constitutionally protected rights. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988); *see also Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) ("liability under section 1983 can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur. [. . .] The plaintiff must establish proximate or legal causation.").  Here, Plaintiff has only vaguely alleged that she believes the State Bar is not taking sufficient action on her

---

(N.D. Cal. 2007) (same); *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283, at *21 (C.D. Cal. June 25, 2010) (same).

[2] Plaintiff also purports to sue the individual State Bar employee Defendants in their individual capacity.  Complaint at pp. 4, ¶ 12.  As to those individual capacity claims, the Complaint fails to state a claim and should be dismissed pursuant to FRCP 12(b)(6).  *See* section IV-B, *infra*.

complaints against attorneys and that a State Bar employee allegedly told her that she is "vexatious." *See, e.g.,* Complaint at p. 4.  Taken together, Plaintiff's Complaint amounts only to a statement of dissatisfaction with the State Bar's handling of her complaints and of her interactions with State Bar employees; Plaintiff has not stated any facts amounting to a deprivation of a constitutional right protected by section 1983.

The United States Supreme Court has held that government does not violate a plaintiff's constitutional rights merely by allegedly failing to protect an individual from other private actors.  *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989) ("Nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors . . . its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."); *see also Estate of Amos v. City of Page*, 257 F.3d 1086, 1090 (9th Cir. 2001) ("In general, the state is not liable for its omissions.").  California state law is in accord.  Cal. Gov. Code § 821 ("A public employee is not liable for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment."); *Gates v. Superior Court*, 32 Cal. App. 4th 481, 508, 38 Cal. Rptr. 2d 489, 505 (1995) (finding legislative intent to maintain "immunity for a public employee failing to enforce the law").  Moreover, Plaintiff has an adequate state law remedy to challenge the State Bar's disposition of her complaints against attorneys, as she may seek review of the State Bar's actions by the California Supreme Court in accordance with Rule 9.13(d), Cal Rules of Court, and *In re Walker*, 32 Cal.2d 488 (Cal. 1948).

Plaintiff's attempt to proceed along a theory of discrimination against women on the basis of sex (Complaint at pp. 8-9) similarly fails.  "To allege that a state's failure to enforce its own law is a violation of the federal equal protection

clause), the plaintiff must set forth: (1) a classification of similarly situated persons caused by intentional or purposeful discrimination on the part of the statute's administrators; and (2) an allegation that the State's failure to enforce its law constituted a denial of a right, privilege or immunity secured by the federal constitution." *Muckway v. Craft*, 789 F.2d 517, 523 (7th Cir. 1986).

First, Plaintiff does not plausibly allege a class of similarly situated person— her allegations regarding sex discrimination consist solely of an allegation that she spoke with a few other women who reported complaints that their complaints to the State Bar were closed. Complaint at pp. 8-9. This falls far short of pleading "intentional or purposeful discrimination" against a "classification of similarly situated persons." *Id.* And, Plaintiff's Complaint does not allege any denial of a constitutional right, as there is no fundamental right to have an attorney discipline complaint handled to the subjective satisfaction of the complainant. Thus, Plaintiff fails to state a sex discrimination claim under section 1983 and the Equal Protection clause of the Fourteenth Amendment.

///
///
///
///
///
///
///
///
///
///
///
///

1

## V. CONCLUSION

2        For all the foregoing reasons, the Court should dismiss the Complaint with

3   prejudice and without leave to amend.

4

5   Dated: January 14, 2022                    Respectfully submitted,

6                                              VANESSA L. HOLTON
                                               General Counsel
7                                              ROBERT G. RETANA
                                               Deputy General Counsel
8
9                                              OFFICE OF GENERAL COUNSEL
                                               THE STATE BAR OF CALIFORNIA
10

11                                             By:/s/ JAMES J. CHANG
                                                   JAMES J. CHANG
12                                                 Assistant General Counsel

13
                                               Attorneys for Defendants
14                                             The State Bar of California, Steve Mazer,
                                               William Todd, Jason Kwan, Tiffany F.
15                                             Sorensen, Susan Kim, Drew Aresca

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On January 14, 2022, following ordinary business practice, I filed via the United States District Court, Central District of California electronic case filing system, the following:

**DEFENDANTS THE STATE BAR OF CALIFORNIA, STEVE MAZER, WILLIAM TODD, JASON KWAN, TIFFANY F. SORENSEN, SUSAN KIM, AND DREW ARESCA'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on January 14, 2022.

/s/Joan Randolph
Joan Randolph