VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2381
Fax: (415) 538-2321
Email:  james.chang@calbar.ca.gov

Attorneys for Defendants The State Bar of California, Steve Mazer, William Todd, Jason Kwan, Tiffany F. Sorensen, Susan Kim, Drew Aresca

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY HART,<br><br>      Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, STEVE MAZER, WILLIAM TODD, JASON KWAN, TIFFANY F. SORENSEN, SUSAN KIM, DREW ARESCA, DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.   2:21-cv-08786-CJC-KK<br><br>**DEFENDANTS THE STATE BAR OF CALIFORNIA, STEVE MAZER, WILLIAM TODD, JASON KWAN, TIFFANY F. SORENSEN, SUSAN KIM, AND DREW ARESCA'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>DATE:  February 25, 2022<br>TIME:  10:00 a.m.<br>DEPT:  3 or 4<br>JUDGE:  Hon. Kenly Kiya Kato |

## I. INTRODUCTION

Plaintiff Shelly Hart's ("Plaintiff's") Opposition (Doc. 11) fails to adequately refute the dispositive arguments set forth in the State Bar Defendants' Motion to Dismiss (Doc. 10). The Complaint (Doc. 1) remains subject to dismissal for the following reasons:

First, the State Bar and its employees in their official capacities are immune from suit under the Eleventh Amendment and are not "persons" subject to suit under 42 U.S.C. § 1983. Plaintiff does not overcome this jurisdictional barrier with her inaccurate claim that the State Bar does not properly enjoy immunity merely because the State Bar has its own treasury. This analysis is too narrow and ignores the weight of authority uniformly holding that the State Bar performs important central governmental functions and therefore, on balance, meets the standard for Eleventh Amendment immunity laid out in *Hess v. Port Authority,* 513 U.S. 30, 49 (1994) and its progeny.

Second, Plaintiff does not allege facts constituting a plausible valid claim for violation of section 1983. Plaintiff's allegation that State Bar employees did not properly handle her complaints, and her unsupported and speculative allegations that she was discriminated against on the basis of her sex, do not plausibly allege a deprivation of a constitutionally protected right. The Opposition does not meaningfully answer this argument, instead only reiterating the factual allegations of the Complaint and arguing generally that the Complaint should be construed liberally. But even "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citations and quotations omitted). The Complaint still fails to state facts constituting a cause of action.

For all of these reasons, the Complaint should be dismissed with prejudice and without leave to amend.

## II. ARGUMENT

### A. Courts Have Consistently Affirmed the State Bar's Eleventh Amendment Immunity, Which Extends to its Employees in Their Official Capacity.

The State Bar Defendants' Motion to Dismiss explained that the Ninth Circuit and district courts within California have held consistently and uniformly that the State Bar is an "arm of the state" that enjoys Eleventh Amendment immunity from suit in federal court. *See* Doc. 10 at 5, fn. 1 (listing cases); *see also Hirsh v. Justices of the Sup. Ct. of Cal. et al.*, 67 F.3d 708, 712 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985), *cert. denied*, 474 U.S. 916 (1985); *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969). This also includes at least three unpublished opinions filed after *Hirsch*. *See Tanasescu v. State Bar of Cal.*, 569 Fed. App'x 502 (9th Cir. 2014) (mem. disp.); *Khanna v. State Bar of Cal.*, 308 Fed. App'x 176 (9th Cir. 2009) (mem. disp.); *Konig v. State Bar of Cal.*, 256 Fed. App'x 900 (9th Cir. 2007) (mem. disp.). This grant of immunity extends to State Bar employees sued in their official capacity. *Hafer v. Melo*, 502 U.S. 21 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Plaintiff's Opposition provides only a scant response, claiming: "The State Bar does not have sovereign immunity, as they have their own treasury department and damages can be paid from there." Doc. 11 at 6:22-26 (citing *Hess v. Port Authority*, 513 U.S. 30, 49 (1994)). While the issue of whether a judgment is paid out of a state's central treasury is one factor in assessing immunity, it is only one of five factors that the Ninth Circuit applies. *See Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) ( "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name or only the name of the state, and [5] the corporate status of the entity." In evaluating those factors,

the Court must keep in mind the overarching purpose of state sovereign immunity, which "is to accord States the dignity that is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002).

Although Plaintiff claims that the first factor is dipositive, the Court "cannot divorce" the first *Mitchell* factor from the others where the entity in question performs an important state function—as the State Bar does here. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 382 (9th Cir. 1993) (stating that the Court also may consider whether a judgment likely will have an "impact on [the state's] treasury because of the state's strong interest in keeping [a state agency] operationally and fiscally sound"). The admission and regulation of attorneys is an essential function of the judicial branch of government. *See, e.g.*, *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 460 (1978) (viewing states' regulation of lawyers in light of the role lawyers play in "the primary governmental function of administering justice"). Thus, this factor is entitled to elevated consideration when evaluating the immunity status of the State Bar. That is why—although judgments of state bars across the country are typically not paid from state treasuries—nearly every circuit court to address this issue has concluded that state bars are entitled to Eleventh Amendment immunity. *See, e.g.*, *Crosetto v. State Bar of Wisconsin*, 12 F.3d 1396, 1402 (7th Cir. 1993) (stating that "even without any impact on the state's treasury, the district court must consider whether the [Wisconsin State] Bar occupies the position of a public agency or official, necessarily forbidding any suit in federal court," and determining that under Seventh Circuit law, the impact on the state treasury is the *least* important factor in evaluating Eleventh Amendment immunity of a state agency); *Lewis v. Louisiana State Bar Ass'n*, 792 F.2d 493 (5th Cir. 1986); *Bishop v. State Bar of Texas*, 791 F.2d 435 (5th Cir. 1986); *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993).

1   Thus, because Ninth Circuit law expressly holds that the State Bar enjoys
2   Eleventh Amendment immunity from suit, and this immunity is consistent with the
3   legal framework outlined in *Mitchell*, the Plaintiff's claims against the State Bar
4   and the State Bar employee defendants in their official capacities must be
5   dismissed.

**B.   The Complaint Does Not Allege Plausible Facts Sufficient to State a Claim for Violation of 42 U.S.C. § 1983.**

8   Plaintiff has not stated a valid plausible claim for violation of section 1983
9   as to the State Bar employee defendants in their individual capacities.
10  "To make out a cause of action under section 1983, plaintiffs must plead that (1)
11  the defendants acting under color of state law (2) deprived plaintiffs of rights
12  secured by the Constitution or federal statutes." *Karim-Panahi v. L.A. Police Dep't*,
13  839 F.2d 621, 624 (9th Cir. 1988); *see also Arnold v. Int'l Bus. Machs. Corp.*, 637
14  F.2d 1350, 1355 (9th Cir. 1981) ("liability under section 1983 can be established
15  by showing that the defendant personally participated in a deprivation of the
16  plaintiff's rights, or caused such a deprivation to occur. [. . .] The plaintiff must
17  establish proximate or legal causation.").
18  The plausibility standard is the pleading standard that applies here despite
19  Plaintiff's misstatement of the law.[1] That standard applies to section 1983 claims.
20  *See Bezi v. Camacho*, CV SA11-0677-MMM (DTB), 2014 U.S. Dist. LEXIS

---

[1] The Opposition misstates the law and suggests incorrectly that former case law rejecting a heightened pleading standard governs this case. *See* Doc. 11 at 9:17-25 (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002)). But *Galbraith* pre-dates the 2007 and 2009 U.S. Supreme Court cases imposing a plausibility pleading standard under which Plaintiff must allege plausible facts amounting to unlawful conduct to survive a Motion to Dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Plaintiff must allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully.").

1   74047, 2014 WL 2215911, at 7* n.7 (C.D. Cal. May 23, 2014) (noting
2   that *Twombly* and *Iqbal* provide the proper standard for pleading
3   Section 1983 claims); *Lopez v. Cnty. of Los Angeles*, CV 15-01745 MMM
4   (MANx), 2015 U.S. Dist. LEXIS 82918, 2015 WL 3913263, at *6 (C.D. Cal. June
5   25, 2015) (noting that the Ninth Circuit's prior "bare allegation" standard for
6   pleading Section 1983 claims pre-dates *Twombly* and *Iqbal* and that "to be viable,
7   plaintiffs' claim must satisfy the plausibility standard articulated in *Iqbal*"); *Young
8   v. City of Visalia*, 687 F.Supp.2d 1141, 1148 (E.D. Cal. 2009) ("In light of *Iqbal*, it
9   would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e.,
10  'bare allegations') is no longer viable"); *Warner v. Cnty. of San Diego*, No.
11  10cv1057 BTM (BLM), 2011 U.S. Dist. LEXIS 14312, 2011 WL 662993, at *3
12  (S.D. Cal. Feb. 14, 2011) ("*Twombly* and *Iqbal* have made it clear that conclusory
13  allegations that merely recite the elements of a claim are insufficient for 12(b)(6)
14  purposes"); *Canas v. City of Sunnyvale*, No. C 08-5771 JF (PSG), 2011 U.S. Dist.
15  LEXIS 4942, 2011 WL 1743910, at *5 (N.D. Cal. Jan. 19, 2011) (stating that cases
16  which applied the "bare allegation" standard are "no longer controlling in the post-
17  *Iqbal*/*Twombly* era".).  Plaintiff's Complaint does not meet this standard.

18       In fact, Plaintiff's Complaint nowhere alleges deprivation of a
19  constitutionally protected right.  Plaintiff only alleges that she has been subject to
20  discourteous treatment from State Bar employees and was allegedly told she was
21  "vexatious" after she filed several complaints that State Bar employees concluded
22  did not warrant disciplinary action.  *See generally* Complaint (Doc. 1) at 43-47.
23  But Plaintiff does not establish that she has a constitutional right to have the State
24  Bar protect her from unscrupulous attorneys.  *See, e.g., Deshaney v. Winnebago
25  Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 195-96 (1989) ("Nothing in the language
26  of the Due Process Clause itself requires the State to protect the life, liberty, and
27  property of its citizens against invasion by private actors").

28

1  Nor does Plaintiff plausibly state a claim for discrimination in violation of
2  the Equal Protection Clause based on a state agency's alleged failure to protect a
3  class of persons from violations of the law. "To allege that a state's failure to
4  enforce its own law is a violation of the federal equal protection clause, the
5  plaintiff must set forth: (1) a classification of similarly situated persons caused by
6  intentional or purposeful discrimination on the part of the statute's administrators;
7  and (2) an allegation that the State's failure to enforce its law constituted a denial of
8  a right, privilege or immunity secured by the federal constitution." *Muckway v.*
9  *Craft*, 789 F.2d 517, 523 (7th Cir. 1986). As noted above, Plaintiff has not alleged
10 a denial of a right, privilege, or immunity secured by the federal constitution
11 because Plaintiff does not have a constitutional right to have her attorney discipline
12 complaints resolved to her subjective satisfaction. But even if she did, she cannot
13 establish "intentional or purposeful" discrimination, as her allegations of sex
14 discrimination are premised solely on her claim that she spoke with a few other
15 women who reported complaints that their complaints to the State Bar were also
16 closed. *See* Complaint, Doc. 1, at 8-9. Even taking Plaintiff's allegations as true—
17 that a few other women's complaints were also closed—she has not alleged any
18 plausible facts showing *intentional* or *purposeful* discrimination as required by the
19 applicable legal standard. Plaintiff thus fails to state a claim for violation of the
20 Equal Protection Clause.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

For all the foregoing reasons, the State Bar Defendants' Motion to Dismiss should be granted and the Complaint should be dismissed with prejudice and without leave to amend.

Dated: February 7, 2022

Respectfully submitted,

VANESSA L. HOLTON
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: /s/ *JAMES J. CHANG*
    JAMES J. CHANG
    Assistant General Counsel

Attorneys for Defendants
The State Bar of California, Steve Mazer, William Todd, Jason Kwan, Tiffany F. Sorensen, Susan Kim, Drew Aresca