UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY HART,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE STATE BAR OF CALIFORNIA, ET AL.,<br><br>　　　　　　　Defendant(s). | Case No. CV 21-8786-CJC (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Plaintiff Shelly Hart ("Hart"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants the State Bar of California ("State Bar"), Steve Mazer, William Todd, Jason Kwan, Tiffany S. Sorensen, Susan Kim, and Drew Aresca (collectively, "Defendants") alleging a violation of Hart's right to equal protection under the Fourteenth Amendment. For the reasons set for the below, the Court dismisses the Complaint with leave to amend.

**II.**

**BACKGROUND**

On November 8, 2021, Hart filed a Complaint pursuant to Section 1983 against defendant State Bar and defendants Mazer, Todd, Kwan, Sorensen, Kim, and Aresca

...
...

in their individual and official capacities. ECF Docket No. ("Dkt.") 1, Compl. The Complaint sets forth a single Fourteenth Amendment Equal Protection claim arising out of Hart's filing of various complaints with defendant State Bar against private attorneys. Id. Hart alleges Defendants deprived her of equal protection by using her gender as the basis for labeling her a vexatious litigant without sufficient process and unjustifiably "closing" her complaints on this basis. Id.

Hart alleges defendant State Bar has a documented history of "failing the public." Id., ¶¶ 24-26. Specifically, Hart alleges defendant State Bar "picks and chooses who they will go after" and does not "have the courage to go after the big law firms who they wine and dine." Id., ¶ 26.

Hart further alleges defendant State Bar "targets women" and "[w]omen's complaints [to defendant State Bar] are closed at a far greater number than those from men." Id., ¶ 27. Hart alleges that "based on [her] interviews with women all over California who have submitted more than one substantiated complaint to [defendant State Bar], she does not believe that she is the only woman to have been labeled vexatious." Id., ¶ 35. Hart specifically describes the experiences of three women who have reported attorneys to defendant State Bar and had their complaints closed. Id., ¶ 27.

Hart alleges that from 2016 forward, she had various landlord-tenant disputes leading to multiple lawsuits. Id., ¶¶ 16-18, 21, 40-107. As a result of these landlord-tenant disputes and the related litigation, Hart made numerous complaints to defendant State Bar regarding the conduct of the attorneys involved in her cases. Id., ¶¶ 16, 43-44, 48, 55, 59-60, 68-73, 86-89, 91-97, 104.

On January 20, 2017, Hart "reported" attorney William Gordon Lieb to defendant State Bar. Id., ¶ 43. An employee of defendant State Bar closed the claim seven days later and the complaint was closed "for good" on March 14, 2017, upon a finding that Lieb "did nothing wrong." Id. Hart argues, however, the complaint was closed "for being a woman." Id., ¶ 44. In addition, Hart believes "[t]his could

possibly be the first time she is officially labeled 'vexatious,' but only discovery will bring out the exact date." Id.

On an unidentified date, Hart reported attorney Carol Newman to defendant State Bar. Id., ¶ 48. Hart's complaint against Newman was closed within ten days "because[, Hart alleges, she] was labeled 'vexatious'." Id.

On April 28, 2020, Hart reported attorney Jamie Sternberg to defendant State Bar. Id., ¶ 17. Defendant Kwan closed the complaint at intake because, Hart alleges, she was labeled vexatious. Id.

In May 2020, Hart reported attorneys Zhen Yang ("Tommy") Pan and Cary Wood to defendant State Bar. Id., ¶ 86. On May 29, 2020, defendant Sorensen closed the complaint against Pan, stating in correspondence to Hart, "The courts having jurisdiction over this matter is the appropriate venue determining the facts and merits of the case." Id. Hart alleges, however, defendant Sorensen closed the complaint because Hart had been labeled vexatious. Id. Defendant Mazer later reopened the complaint against Pan and investigated it in coordination with defendant Kwan's investigation of the Wood complaint before both investigations were re-assigned to defendant State Bar investigator Vasquez. Id., ¶¶ 31, 87, 91-92.

Between August 13 and 17, 2020, Hart had a phone conversation with Vasquez, who, Hart alleges, informed Hart that Vasquez had received a message stating, "'why are you investigating Pan . . . look who is [Hart] complaining?" Id., ¶¶ 32, 92. Hart also alleges, on an unspecified date, Vasquez informed Hart that she had been labeled vexatious. Id., ¶ 32. Hart alleges that "[a]t no time did [defendant State Bar] ever contact [Hart] and tell her she was filing meritless complaints, or advise her of her legal right to be heard on the 'vexatious' matter." Id., ¶ 33.

On August 20, 2020, Hart was notified that her complaint against Pan had been transferred to a new investigator, defendant Kim. Id., ¶¶ 32, 93-94. Investigator Vasquez told Hart he "did not" know why the investigation had been transferred. Id., ¶¶ 32, 93. On October 30, 2020, defendant Kim closed Hart's complaints against Pan

3

1  and Wood upon a finding of "insufficient facts to support a finding that Mr. Pan
2  engaged in misconduct." Id., ¶¶ 95-96. Hart alleges, however, that defendant Kim
3  closed the complaints because Hart had been labeled vexatious. Id.
4      In October 2020, defendant Todd told Hart he had not seen any
5  communications from defendant Kwan labeling Hart vexatious. Id., ¶ 34.
6      On April 1, 2021, Hart reported attorney Justin Arnold Bubion to defendant
7  State Bar. Id. at ¶ 104. Defendant Aresca, however, closed the complaint at intake
8  because, Hart alleges, she had been labeled vexatious. Id.
9      On April 27, 2021, Hart reported attorneys Anita Gumm and Michael Harvey
10 Raichelson to defendant State Bar. Id., ¶¶ 55, 59. Defendant State Bar closed the
11 complaints within a month. Id. Hart alleges the "real reason" her complaints were
12 denied is because she had been labeled "vexatious." Id.
13     On unspecified dates, Hart reported attorneys Pierro Babaian and Bart Ring to
14 defendant State Bar. See id., ¶¶ 68, 70-71. Defendant State Bar closed the complaint
15 against Babaian on intake, according to Hart, "because [she] was labeled vexatious."
16 Id., ¶ 70. Hart alleges defendant State Bar conducted a "sham" investigation before
17 closing her complaint against Ring. Id., ¶¶ 71-72. Plaintiff alleges defendant State Bar
18 "did nothing" about Ring's conduct because Hart had been labeled vexatious. Id., ¶
19 71.
20     Hart seeks declaratory relief, costs, and damages against each defendant, as well
21 as punitive damages against the individual defendants. Id. at 48.

## III.

### STANDARD OF REVIEW

24     A court has authority to dismiss a claim sua sponte and without notice "where
25 the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986,
26 991 (9th Cir. 1987); see also Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-
27 43 (9th Cir. 2008) (noting the court's authority includes sua sponte dismissal of claims
28

4

against defendants who have not been served and defendants who have not yet answered or appeared).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual

5

1  allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and the Court need
2  not accept as true "unreasonable inferences or assume the truth of legal conclusions
3  cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th
4  Cir. 2003).

5  If the court finds the complaint should be dismissed for failure to state a claim,
6  the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith,
7  203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it
8  appears possible the defects in the complaint could be corrected, especially if the
9  plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
10 (9th Cir. 1995).  If, however, after careful consideration, it is clear a complaint cannot
11 be cured by amendment, the court may dismiss without leave to amend.  Cato, 70
12 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

### IV.

### DISCUSSION

**A.  THE ELEVENTH AMENDMENT BARS HART'S CLAIMS AGAINST DEFENDANT STATE BAR AND DEENDANTS MAZER, TODD, KWAN, SORENSEN, KIM, AND ARESCA IN THEIR OFFICIAL CAPACITY**

**1.  Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)).  As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70 (1985); Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123 (1908).

**2. Analysis**

Defendant State Bar is an agency of the State entitled to Eleventh Amendment immunity. See Hirsh v. Justs. of Sup. Ct. of State of Cal., 67 F.3d 708, 715 (9th Cir. 1995); see also Wu v. State Bar of Cal., 953 F. Supp. 315, 318-19 (C.D. Cal. 1997); Spindler v. State Bar of Cal., No. CV 18-8712-JLS (E), 2019 WL 9519975, at *5 (C.D. Cal. Mar. 19, 2019). The Eleventh Amendment, therefore, bars Hart from pursuing any Section 1983 claims against defendant State Bar or any Section 1983 claims that seek monetary relief against any employees of defendant State Bar in their official capacity. See Graham, 473 U.S. at 169-70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Because Hart seeks only retrospective relief in the Complaint, Hart's claim against the individual defendants in their official capacity is barred in their entirety.

Accordingly, Hart's claim against defendant State Bar and defendants Mazer, Todd, Kwan, Sorensen, Kim, and Aresca in their official capacity is subject to dismissal.

**B. HART FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

Hart alleges Defendants violated her Fourteenth Amendment right by discriminating against her based on her gender when Defendants labeled her vexatious without sufficient process and improperly closed her attorney complaints. Dkt. 1.

**1. Applicable Law**

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. To state a Section 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege facts showing that the defendants acted with the intent to discriminate against him based on his membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001),

7

or that he was treated differently from persons similarly situated, see City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). See also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) ("[A] plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

"Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original). The Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact. See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977); Washington v. Davis, 426 U.S. 229, 239 (1976); Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1995) ("[T]he Equal Protection clause requires proof of discriminatory intent or motive."). Absent "a clear pattern, unexplainable on grounds other than [protected class], . . . impact alone is not determinative, and the Court must look to other evidence" to determine whether "invidious discriminatory purpose was a motivating factor." Vill. of Arlington Heights, 429 U.S. at 266.

**2.  Analysis**

Here, Hart fails to plausibly allege a violation of her Fourteenth Amendment equal protection rights.

First, Hart fails to allege facts that any of the named defendants took any actions because of Hart's gender. In fact, Hart conclusorily alleges a single January 20, 2017 complaint was closed "for being a woman," but fails to even allege any named defendant was involved in the complaint. Moreover, as Hart concedes, each complaint that was closed thereafter by any of the named defendants was closed because she had allegedly been labeled vexatious,[1] not because of her gender.

---

[1] Moreover, Hart has not even plausibly alleged her complaints were closed because of the alleged "vexatious" label. Rather, Hart concedes many of her complaints were denied for other stated reasons and she merely speculates the real reason was that she had been labeled vexatious. Dkt. 1, ¶¶ 43-44, 86, 95-96.

8

1        Second, Hart acknowledges in the Complaint that defendant State Bar has been
2 criticized for its handling of cases in the past for a variety of reasons not having to do
3 with gender.  Dkt. 1, ¶¶ 24-26.  Accordingly, to the extent Hart argues the January 20,
4 2017 complaint was closed in violation of her Fourteenth Amendment rights, Hart's
5 own allegations undermine her speculative conclusion that her gender played any role
6 in why her complaint was closed.  Hart argues that while she was told her January 20,
7 2017 complaint against attorney Lieb was closed because Lieb "did nothing wrong,"
8 she "now believes" it was actually closed "for being a woman and that Manfredi
9 Levine [the law firm that employed Lieb] was 'too powerful' for [defendant State Bar]
10 to go after."  Id., ¶ 43.  This is consistent with Hart's allegation that defendant State
11 Bar has a pattern of failing to pursue attorney complaints on the basis that they have
12 been filed against "big law firms who wine and dine them."  Id. at ¶ 26.
13       Finally, to the extent, Hart speculates "[w]omen's complaints [to State Bar] are
14 closed at a far greater number than those from men," id. at ¶ 27, her allegation is
15 merely conclusory and supported only by her belief that "dozens" of other women
16 she knows or has heard of have "probably" been labeled vexatious by defendant State
17 Bar and received unfavorable dispositions of their attorney complaints.  Dkt. 1, ¶¶ 27,
18 35, 44; dkt. 11 at 2, 9-10.  Such conclusory allegations are insufficient to state a claim.
19 See In re Gilead Scis. Sec. Litig., 536 F.3d at 1055 (the court need not accept as true
20 "allegations that are merely conclusory, unwarranted deductions of fact, or
21 unreasonable inferences"); Cook, 637 F.3d at 1004 (a complaint need not include
22 detailed factual allegations but "must contain sufficient factual matter, accepted as
23 true, to state a claim to relief that is plausible on its face" (citation and internal
24 quotation marks omitted)).  More importantly, as discussed above, even if complaints
25 to defendant State Bar submitted by women are closed more often than those
26 submitted by men, Hart has not plausibly alleged any of her complaints were closed
27 because of her gender.  Absent a clear pattern of discrimination, a single instance of
28

perceived disparate impact against Hart alone is insufficient to state a cause of action under the Fourteenth Amendment. See Vill. of Arlington Heights, 429 U.S. at 266.

Hence, Hart's Fourteenth Amendment Equal Protection claim is subject to dismissal.[2]

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are

---

[2] To the extent Hart may also be attempting to claim she was denied procedural due process when she was labeled a vexatious litigant without "due process," dkt. 1 at 19, 39, 110, such a claim would fair no better here. "A section 1983 claim based upon procedural due process [] has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993). Hart, however, has failed to make the threshold showing of a liberty or property interest protected by the Constitution. Here, Hart has not shown she had a protected liberty interest in having defendant State Bar process or investigate her attorney complaints. The Constitution "does not impose any affirmative obligation on the government to listen[ or] to respond [to a citizen complaint]." See Smith v. Ark. State Highway Emp., Local 1315, 441 U.S. 463, 465 (1979); Page v. Stanley, No. CV 11-2255-CAS (SS), 2013 WL 2456798, at *9 (C.D. Cal. June 5, 2013) (holding the Constitution "does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances"). Thus, because there is no recognized constitutional right to a government investigation, Hart's allegations that Defendants are not responding to her attorney complaints fail to implicate a recognized constitutional right and, therefore, does not state either a procedural or substantive due process claim. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure" so as to create a protected liberty interest for purposes of procedural due process.); Rodriguez-Ramirez v. Sessions, No. EDCV 18-02289-MWF (PLA), 2019 WL 4145062, at *6 (C.D. Cal. Mar. 21, 2019), report and recommendation adopted, No. EDCV 18-02289-MWF (PLA), 2019 WL 4140985 (C.D. Cal. Aug. 30, 2019) (finding the inmate administrative grievance procedure does not implicate a protected liberty interest for purposes of procedural due process).

insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in her First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, she must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).

11

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

    2.    Alternatively, Plaintiff may file a notice with the Court that she intends to stand on the allegations in his Complaint. If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the Complaint be dismissed in its entirety with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

    3.    Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if she chooses to voluntarily dismiss the action.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: March 11, 2022

                                    HONORABLE KENLY KIYA KATO
                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____                                    _____
*Date*                                         *Signature of Attorney/Party*

NOTE: **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**