UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY HART, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE BAR OF CALIFORNIA, ET AL., <br><br> Defendant(s). | Case No. CV 21-8786-CJC (KK) <br><br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

Plaintiff Shelly Hart ("Hart"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants the State Bar of California ("State Bar"), Steve Mazer, William Todd, Jason Kwan, Tiffany S. Sorensen, Susan Kim, and Drew Aresca (collectively, "Defendants") alleging a violation of Hart's right to equal protection under the Fourteenth Amendment. ECF Docket No. ("Dkt.") 1, Compl. On March 11, 2022, the Court issued an Order dismissing the Complaint with leave to amend. Dkt. 14. Hart has now filed a Notice declining to file an

amended complaint and stating she intends to stand on the allegations in the Complaint. Dkt. 16. For the reasons set for the below, the Court recommends dismissing the action with prejudice for failure to state a claim.

## II.

## **BACKGROUND**

On November 8, 2021, Hart filed a Complaint pursuant to Section 1983 against defendant State Bar and individual State Bar employees Mazer, Todd, Kwan, Sorensen, Kim, and Aresca in their individual and official capacities. Dkt. 1. The Complaint sets forth a single Fourteenth Amendment Equal Protection claim arising out of Hart's filing of various complaints regarding private attorneys with defendant State Bar. Id. Hart alleges Defendants deprived her of equal protection by using her gender as the basis for labeling her a vexatious litigant without sufficient process and unjustifiably "closing" her complaints on this basis. Id.

On January 14, 2022, Defendants filed a Motion to Dismiss the Complaint arguing Hart's claims against defendant State Bar are barred by the Eleventh Amendment and Hart fails to state a Fourteenth Amendment Equal Protection claim. Dkt. 10. On January 27, 2022, Hart filed an Opposition to the Motion to Dismiss. Dkt. 11. On February 7, 2022, Defendants filed a Reply in support of the Motion to Dismiss. Dkt. 12.

On March 11, 2022, the Court issued an Order dismissing the Complaint with leave to amend for failure to state a Fourteenth Amendment Equal Protection claim. Dkt. 14. The Court separately denied the Motion to Dismiss as moot. Dkt. 15.

On March 30, 2022, Hart filed a Notice of Intent "to stand on the complaint[.]" Dkt. 16.

The matter thus stands submitted.

///

///

///

# III.

## **ALLEGATIONS IN THE COMPLAINT**

Hart alleges defendant State Bar has a documented history of failing "to protect the public from errant attorneys." Dkt. 1, ¶¶ 24-26. Specifically, Hart alleges defendant State Bar "picks and chooses who they will go after" and does not "have the courage to go after the big law firms who they wine and dine." Id., ¶ 26.

Hart further alleges defendant State Bar "targets women" and claims "[w]omen's complaints [to defendant State Bar] are closed at a far greater number than those from men." Id., ¶ 27. Hart alleges that "based on [her] interviews with women all over California who have submitted more than one substantiated complaint to [defendant State Bar], she does not believe that she is the only woman to have been labeled vexatious." Id., ¶ 35. Hart specifically describes the experiences of three women who have reported attorneys to defendant State Bar and had their complaints closed. Id., ¶ 27.

With respect to Hart's complaints to defendant State Bar, Hart alleges that from 2016 forward, she had various landlord-tenant disputes leading to multiple lawsuits. Id., ¶¶ 16-18, 21, 40-107. As a result of these landlord-tenant disputes and the related litigation, Hart made numerous complaints to defendant State Bar regarding the conduct of the attorneys involved in her cases. Id., ¶¶ 16, 43-44, 48, 55, 59-60, 68-73, 86-89, 91-97, 104.

On January 20, 2017, Hart "reported" attorney William Gordon Lieb to defendant State Bar. Id., ¶ 43. An employee of defendant State Bar closed the claim seven days later and the complaint was closed "for good" on March 14, 2017, upon a finding that Lieb "did nothing wrong." Id. Hart claims, however, the complaint was closed "for being a woman." Id., ¶ 44. In addition, Hart believes "[t]his could possibly be the first time she is officially labeled 'vexatious,' but only discovery will bring out the exact date." Id.

1         On an unidentified date, Hart reported attorney Carol Newman to defendant
2  State Bar. Id., ¶ 48. Hart's complaint against Newman was closed within ten days
3  because Hart, at some unspecified time, was allegedly labeled "vexatious." Id.
4         On April 28, 2020, Hart reported attorney Jamie Sternberg to defendant State
5  Bar. Id., ¶ 17. Hart claims defendant Kwan closed the complaint at intake because
6  Hart had been labeled vexatious. Id.
7         In May 2020, Hart reported attorneys Zhen Yang ("Tommy") Pan and Cary
8  Wood to defendant State Bar. Id., ¶ 86. On May 29, 2020, defendant Sorensen
9  closed the complaint against Pan, stating in correspondence to Hart, "The courts
10 having jurisdiction over this matter is the appropriate venue determining the facts and
11 merits of the case." Id. Hart claims, however, defendant Sorensen closed the
12 complaint because Hart had been labeled vexatious. Id. Defendant Mazer later
13 reopened the complaint against Pan and investigated it in coordination with defendant
14 Kwan's investigation of the Wood complaint before both investigations were re-
15 assigned to defendant State Bar investigator Vasquez. Id., ¶¶ 31, 87, 91-92.
16        Between August 13 and 17, 2020, Hart had a phone conversation with
17 Vasquez, who allegedly informed Hart that Vasquez had received a message stating,
18 "'why are you investigating Pan . . . look who is complaining?" Id., ¶¶ 32, 92. Hart
19 also alleges, on an unspecified date, Vasquez informed Hart that she had been labeled
20 vexatious. Id., ¶ 32. Hart alleges that "[a]t no time did [defendant State Bar] ever
21 contact [Hart] and tell her she was filing meritless complaints, or advise her of her
22 legal right to be heard on the 'vexatious' matter." Id., ¶ 33.
23        On August 20, 2020, Hart was notified that her complaint against Pan had been
24 transferred to a new investigator, defendant Kim. Id., ¶¶ 32, 93-94. Investigator
25 Vasquez told Hart he "did not" know why the investigation had been transferred. Id.,
26 ¶¶ 32, 93. On October 30, 2020, defendant Kim closed Hart's complaints against Pan
27 and Wood upon a finding of "insufficient facts to support a finding that Mr. Pan
28

1  engaged in misconduct." Id., ¶¶ 95-96. Hart claims, however, that defendant Kim
2  closed the complaints because Hart had been labeled vexatious. Id.
3        In October 2020, defendant Todd told Hart he had not seen any
4  communications from defendant Kwan labeling Hart vexatious. Id., ¶ 34.
5        On April 1, 2021, Hart reported attorney Justin Arnold Bubion to defendant
6  State Bar. Id. at ¶ 104. Hart claims, however, Defendant Aresca closed the complaint
7  at intake because Hart had been labeled vexatious. Id.
8        On April 27, 2021, Hart reported attorneys Anita Gumm and Michael Harvey
9  Raichelson to defendant State Bar. Id., ¶¶ 55, 59. Defendant State Bar closed the
10 complaints within a month. Id. Hart claims the "real reason" her complaints were
11 denied is because she had been labeled "vexatious." Id.
12       On unspecified dates, Hart reported attorneys Pierro Babaian and Bart Ring to
13 defendant State Bar. See id., ¶¶ 68, 70-71. Hart claims Defendant State Bar closed
14 the complaint against Babaian at intake because Hart had been labeled vexatious. Id.,
15 ¶ 70. Hart alleges defendant State Bar conducted a "sham" investigation before
16 closing her complaint against Ring. Id., ¶¶ 71-72. Hart alleges defendant State Bar
17 "did nothing" about Ring's conduct because Hart had been labeled vexatious. Id., ¶
18 71.
19       Hart seeks declaratory relief, costs, and damages against each defendant, as well
20 as punitive damages against the individual defendants. Id. at 48.

## IV.

## STANDARD OF REVIEW

23       A court has authority to dismiss a claim sua sponte and without notice "where
24 the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986,
25 991 (9th Cir. 1987); see also Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-
26 43 (9th Cir. 2008) (noting the court's authority includes sua sponte dismissal of claims
27 against defendants who have not been served and defendants who have not yet
28 answered or appeared).

5

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions

6

cast in the form of factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is <u>pro se</u>. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

## V.

## DISCUSSION

**A. THE ELEVENTH AMENDMENT BARS HART'S CLAIMS AGAINST DEFENDANT STATE BAR AND DEENDANTS MAZER, TODD, KWAN, SORENSEN, KIM, AND ARESCA IN THEIR OFFICIAL CAPACITY**

**1. Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." <u>Brooks v. Sulphur Springs Valley Elec. Co-op.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984)). As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). <u>Kentucky v. Graham</u>, 473 U.S. 159, 169-70 (1985); <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974); <u>Ex Parte Young</u>, 209 U.S. 123 (1908).

///

///

**2. Analysis**

Defendant State Bar is an agency of the State entitled to Eleventh Amendment immunity. See Hirsh v. Justs. of Sup. Ct. of State of Cal., 67 F.3d 708, 715 (9th Cir. 1995); see also Wu v. State Bar of Cal., 953 F. Supp. 315, 318-19 (C.D. Cal. 1997); Spindler v. State Bar of Cal., No. CV 18-8712-JLS (E), 2019 WL 9519975, at *5 (C.D. Cal. Mar. 19, 2019). The Eleventh Amendment, therefore, bars Hart from pursuing any Section 1983 claims against defendant State Bar or any Section 1983 claims that seek monetary relief against any employees of defendant State Bar in their official capacity. See Graham, 473 U.S. at 169-70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Because Hart seeks only retrospective relief in the Complaint, Hart's claim against the individual defendants in their official capacity is barred in their entirety.

Accordingly, Hart's claims against defendant State Bar and defendants Mazer, Todd, Kwan, Sorensen, Kim, and Aresca in their official capacity are subject to dismissal.

**B. HART FAILS TO STATE A FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM**

Hart alleges Defendants violated her Fourteenth Amendment right to equal protection by discriminating against her based on her gender when Defendants labeled her vexatious without sufficient process and improperly closed her attorney complaints. Dkt. 1.

**1. Applicable Law**

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. To state a Section 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege facts showing the defendants acted with the intent to discriminate against her based on her membership in a protected class, see Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001),

8

1 | or that she was treated differently from persons similarly situated, see City of
2 | Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  See also Barren v.
3 | Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[A] plaintiff must show that the
4 | defendants acted with an intent or purpose to discriminate against the plaintiff based
5 | upon membership in a protected class.").

6 | "Intentional discrimination means that a defendant acted at least in part *because
7 | of* a plaintiff's protected status."  Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th
8 | Cir. 1994) (emphasis in original).  The Fourteenth Amendment is not violated by
9 | unintentional conduct that may have a disparate impact.  See Vill. of Arlington
10 | Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977); Washington v. Davis,
11 | 426 U.S. 229, 239 (1976); Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1995) ("[T]he
12 | Equal Protection clause requires proof of discriminatory intent or motive.").  Absent
13 | "a clear pattern, unexplainable on grounds other than [protected class], . . . impact
14 | alone is not determinative, and the Court must look to other evidence" to determine
15 | whether "invidious discriminatory purpose was a motivating factor."  Vill. of
16 | Arlington Heights, 429 U.S. at 266.

17 | **2.    Analysis**

18 | Hart fails to plausibly allege a violation of her Fourteenth Amendment equal
19 | protection rights.

20 | First, Hart fails to allege facts showing that any of the named defendants
21 | intentionally discriminated against her on the basis of her gender.  In fact, Hart
22 | conclusorily alleges a single January 20, 2017 complaint was closed "for being a
23 | woman," but fails to even allege any named individual defendant was involved in the
24 | complaint.  Moreover, as Hart concedes, each complaint that was closed thereafter by
25 | any of the named individual defendants was closed because she had allegedly been
26 | labeled vexatious, not because of her gender.

27 | Second, Hart acknowledges in the Complaint that defendant State Bar has been
28 | criticized for its handling of cases in the past for a variety of reasons not having to do

1  with gender.  Dkt. 1, ¶¶ 24-26.  Accordingly, to the extent Hart argues the January 20,
2  2017 complaint was closed in violation of her Fourteenth Amendment rights, Hart's
3  own allegations undermine her speculative conclusion that her gender played any role
4  in why her complaints were closed.  Specifically, Hart argues that while she was told
5  her January 20, 2017 complaint against attorney Lieb was closed because Lieb "did
6  nothing wrong," she "now believes" it was actually closed "for being a woman and
7  that Manfredi Levine [the law firm that employed Lieb] was 'too powerful' for
8  [defendant State Bar] to go after."  Id., ¶ 43.  This allegation is, therefore, consistent
9  with Hart's claim that defendant State Bar has a pattern of failing to pursue attorney
10 complaints on the basis that they have been filed against "big law firms who wine and
11 dine them," i.e., not due to intentional gender discrimination.  Id. at ¶ 26.
12        Finally, to the extent, Hart speculates "[w]omen's complaints [to State Bar] are
13 closed at a far greater number than those from men," id. at ¶ 27, her allegation is
14 merely conclusory and supported only by her belief that "dozens" of other women
15 she knows or has heard of have "probably" been labeled vexatious by defendant State
16 Bar and received unfavorable dispositions of their attorney complaints.  Id., ¶¶ 27, 35,
17 44; dkt. 11 at 2, 9-10.  Such conclusory allegations are insufficient to state a claim.  See
18 In re Gilead Scis. Sec. Litig., 536 F.3d at 1055 (the court need not accept as true
19 "allegations that are merely conclusory, unwarranted deductions of fact, or
20 unreasonable inferences"); Cook, 637 F.3d at 1004 (a complaint need not include
21 detailed factual allegations but "must contain sufficient factual matter, accepted as
22 true, to state a claim to relief that is plausible on its face" (citation and internal
23 quotation marks omitted)).  More importantly, as discussed above, even if complaints
24 to defendant State Bar submitted by women are closed more often than those
25 submitted by men, Hart has not plausibly alleged any of her complaints were closed
26 due to intentional gender discrimination.  Absent a clear pattern of discrimination, a
27 single instance of perceived disparate impact against Hart alone is insufficient to state
28

1 a cause of action under the Fourteenth Amendment. See Vill. of Arlington Heights, 429 U.S. at 266.

Hence, Hart's Fourteenth Amendment Equal Protection claim is subject to dismissal.[1]

## C. THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

As discussed herein, Hart fails to state a claim for violation of her Fourteenth Amendment right to equal protection. Despite having had an opportunity to correct the deficiencies in opposing Defendants' Motion to Dismiss, see FED. R. CIV. P. 15(a)(1) (a party may amend once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier), or after the Court granted her leave to amend, see dkt. 14, Hart has failed to state sufficient facts to support a viable claim for relief.

---

[1] To the extent Hart may also be attempting to claim she was denied procedural due process when she was labeled a vexatious litigant without "due process," dkt. 1 at 19, 39, 110, such a claim would fair no better here. "A section 1983 claim based upon procedural due process [] has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993). Hart, however, has failed to make the threshold showing of a liberty or property interest protected by the Constitution. Here, Hart has not shown she had a protected liberty interest in having defendant State Bar process or investigate her attorney complaints. Rather, the Constitution "does not impose any affirmative obligation on the government to listen[ or] to respond [to a citizen complaint]." See Smith v. Ark. State Highway Emp., Local 1315, 441 U.S. 463, 465 (1979); Page v. Stanley, No. CV 11-2255-CAS (SS), 2013 WL 2456798, at *9 (C.D. Cal. June 5, 2013) (holding the Constitution "does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances"). Thus, because there is no recognized constitutional right to a government investigation, Hart's allegations that Defendants are not responding to her attorney complaints fail to implicate a recognized constitutional right and, therefore, do not state either a procedural or substantive due process claim.

1    In light of Hart's failure to address the deficiencies in the Complaint and her
2 express notice of intent to stand on the allegations in the Complaint, see dkt. 16, leave
3 to amend would futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the
4 absence of any apparent or declared reason—such as undue delay, bad faith or
5 dilatory motive on the part of the movant, repeated failure to cure deficiencies by
6 amendments previously allowed, undue prejudice to the opposing party by virtue of
7 allowance of the amendment, futility of amendment, etc.—the leave sought should, as
8 the rules require, be 'freely given.'"); see also Royal Ins. Co. of Am. v. Sw. Marine, 194
9 F.3d 1009, 1016 (9th Cir. 1999)  (the four factors to be considering when denying
10 leave to amend are: bad faith, undue delay, prejudice to the opposing party, and the
11 futility of amendment).  Hence, the Complaint should be dismissed with prejudice and
12 without leave to amend.

## VI.

## **RECOMMENDATION**

Accordingly, it is recommended the District Court issue an order: (1) accepting this Report and Recommendation; and (2) directing Judgment be entered dismissing this action with prejudice and without leave to amend.

Dated:  April 13, 2022

*/s/ Kenly Kiya Kato*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge